**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3875 |
| Plaintiff - Appellee, | D.C. No. 4:20-cr-00195-DCN-1 |
| v. | |
| DONALD JOE JAY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted February 18, 2025**

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Donald Joe Jay appeals from the district court's judgment and challenges the

14-month sentence imposed upon the revocation of his supervised release.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jay contends that the district court erred by failing to award him credit under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 3585(b) for time served on "related incarceration" at the Fort Hall tribal justice center. This claim fails because § 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Rather, the Bureau of Prisons makes that determination after the sentence is imposed. *See id.* at 334-36.

To the extent Jay argues that the district court should have exercised its discretion to impose a shorter sentence to account for the time he spent in tribal custody, he has not shown that the court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court reasonably concluded that such a reduction was unwarranted because the time Jay served in tribal custody was applied to his sentence in those proceedings.

**AFFIRMED.**